# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY a/s/o Kenneth and Kathleen Roberts, | : : : | No. 3:16cv55 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : | |
| GUAGLIARDO PLUMBING, HEATING, AND AIR CONDITIONING, INC., | : : : : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition are motions in limine filed by Plaintiff Allstate Insurance Company a/s/o Kenneth and Kathleen Roberts in advance of the pretrial conference in this matter. The motions have been fully briefed and are ripe for disposition.

**Background**

Kenneth and Kathleen Roberts' home burned down in December 2014. The Roberts had fire insurance on the property through Allstate Insurance (hereinafter "plaintiff" or "Allstate"). Allstate paid the Roberts $537,011.24 in benefits for the damages sustained at the property.

Allstate, as the Roberts' subrogee, now seeks to recover that amount from Defendant Guagliardo Plumbing, Heating and Air Conditioning

(hereinafter "defendant"). Defendant had performed work on the furnace of the home approximately eight (8) months before the fire. Plaintiff claims defendant caused the fire by failing to identify and correct the defects within the furnace. Defendant alleges that they fixed the furnace in April 2014 and that it was operating normally at that point. The cause of the fire was not in any way related to the furnace according to the defendant.

The parties have completed discovery and a pretrial conference is scheduled for May 16, 2016. Pursuant to the motion in limine rule of the court, the plaintiff has filed four motions in limine, bringing the case to its present posture. We will discuss the four motions separately.

**Standard of review - General admissibility**

As the motions in limine principally address evidentiary issues, we will first briefly explain rules of admissibility. Generally, relevant evidence is admissible in a trial and irrelevant evidence is not admissible. FED. R. EVID. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may be precluded, however, where "its probative worth is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Plaintiff has filed four motions in limine, which we will address in turn.

**I. Motion in limine to amend the case's caption for trial purposes only and to otherwise preclude evidence of insurance at trial**

Plaintiff Allstate insured the destroyed property and paid benefits to the building's owners. Now plaintiff sues as the owners' subrogee. Allstate moves to temporarily amend the case caption to remove its name for trial purposes only and to bar evidence of insurance from trial to ensure a fair adjudication of the case on its merits.

Defendant opposes the motion. Defendant argues the facts are fairly straightforward and the jury would be able to understand them - that is, fire destroyed the Roberts' home, Allstate paid the Roberts for their loss and now Allstate sues to be repaid from the party it claims is legally responsible for the fire.

Moreover, if the jury is not informed of the existence of insurance, defendant argues that it might be prejudiced. To defend the case fully and present the proper amount of damages to the jury, defendant argues that it must be able to call witnesses from Allstate to question them on the

3

calculation of damages and the amounts paid for personal property and living expenses.

Lastly, defendant argues that Allstate has not cited a similar case, instead Allstate merely cites to a case which stands for the general proposition that evidence of insurance should be avoided because of the potential prejudicial effect. Defendant, on the other hand, cites to a case with very similar facts where the Western District of Pennsylvania allowed such evidence, Arch Ins. Co. v. Carol and Dave's Roadhouse, Inc., No. 2:11cv801, 2013 WL 607829 (W.D. Pa. 2013).

We agree with the defendant and the reasoning in the Arch case. To prevent prejudice from inuring to the defendant, the jury will be instructed as to the role of the plaintiff insurance company in this case. We are confident that the parties and the court will be able to describe the relationship of the insurance company and the homeowners such that the plaintiff will not be prejudiced. Accordingly, this motion in limine will be denied.

**II. Motion in limine to preclude evidence of and related to depreciation and actual cash value**

Next, plaintiff moves to preclude evidence of, and related to, depreciation and actual cash value. Plaintiff argues that the reasonable

cost to repair the property and the fair market value of that property at the time of the fire are the only relevant measures of damages in this case. Plaintiff fears defendant may attempt to argue that the proper measure of damage is repair cost less depreciation (referred to by the insurance industry as "actual cash value"). If defendant argues that this measure of damages is the proper measure of damages, then it may try to present evidence of depreciation and actual cash value. Plaintiff has moved to preclude such evidence. Defendant has filed no opposition to this motion. Accordingly, it will be granted as unopposed. Defendant shall not be permitted to present evidence of depreciation or actual cash value of the building at issue.

### III. Motion in limine to preclude the testimony of defense expert Daniel E. Vieau

Defendant has retained a purported fire origin and cause expert, Daniel E. Vieau. Plaintiff moves to preclude his testimony on the basis that his failure to consider relevant evidence leaves his methodology effectively stunted and his opinions inadmissible. Plaintiff disagrees, arguing that the Vieau's testimony meets all the requirements of expert testimony. After a careful review, we agree with the plaintiff.

Federal Rule of Evidence 702 provides that "a witness qualified as an

expert by knowledge, skill, experience, training, or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.  Courts have described the district court's task in determining whether to admit expert testimony as a "gatekeeping" function.  The trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597 (1993). Thus, "[t]he objective of that requirement is to ensure the reliability and relevancy of expert testimony.  It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

Analysis under Rule 702 includes three factors:  "'(1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge[, i.e., reliability]; and (3) the expert's testimony must assist the

trier of fact[, i.e., fit].'" United States v. Schiff, 602 F.3d 152, 172 (3d Cir. 2010) (quoting Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008)).  The trial court is granted leeway when it determines how to evaluate expert testimony before trial, just as it enjoys in an ultimate ruling on the case.  General Electric v. Joiner, 522 U.S. 136, 143 (1997).

Plaintiff challenges the methodology of the defendant's fire expert.  A "methodology" challenge relates to the reliability prong of Rule 702.  To qualify as reliable, the "expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'"  In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742 (3d Cir.1994), cert. denied, 513 U.S. 1190 ("Paoli II"), (quoting Daubert, 509 U.S. at 590).

Essentially, "an expert opinion must be based on reliable methodology and must reliably flow from that methodology and the facts at issue-but it need not be so persuasive as to meet a party's burden of proof or even necessarily its burden of production."  Heller v. Shaw Indus., Inc., 167 F.3d 146, 152 (3d Cir.1999).  Furthermore, district courts should not determine the correctness of a proposed witness's opinion. Paoli II, 35 F.3d at 744 (stating that "[t]he grounds for the expert's opinion merely have

to be good, they do not have to be perfect."). As the Third Circuit Court of Appeals has noted:

> A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence.

Id. at 744–45.

Defendant's fire cause and origin expert's methodology is flawed, according to the plaintiff, because he did not interview any of the witnesses, he did not review important deposition transcripts, and he did not adequately consider fire patterns, fire dynamics and arc mapping. Further, plaintiff challenges the expert's methodology because he suggested that further excavation and processing of the scene was necessary, but he never requested such. Finally, plaintiff attacks Vieau's methodology because he did not request testing with respect to the circuit where plaintiff's experts found arcing.

We find that these issues are proper for cross examination of the witness and perhaps argument to the jury. They do not, however, rise to

the level of rendering Vieau's testimony unreliable under Daubert. Accordingly, the motion in limine to preclude Vieau's testimony will be denied.[1]

**IV. Motion in limine to limit expert testimony of Daniel Vieau**

Finally, in the event that Daniel Vieau's testimony was not completely precluded, plaintiff has filed a motion to limit his testimony. Plaintiff indicates that Vieau is not qualified to opine regarding the operation of furnaces or the failure mode of furnaces. Additionally, plaintiff argues that Vieau should not be allowed to offer an opinion as to whether the service work defendant performed on the furnace was appropriately done.

Defendant indicates that Vieau will not testify as to these matters and has not addressed them in his reports. Plaintiff also indicates that Vieau has not rendered an opinion on these topics. Therefore, this portion of plaintiff's motion in limine will be granted as unopposed.

Plaintiff's motion goes on to seek preclusion of "any other unqualified and previously undisclosed witnesses offered by the Defendant, from

---

[1] An indication that these issues are more of a factual/cross examination matter is found in defendant's response to the motion. Defendant's brief has a counter-argument to each of plaintiff's assertions. For example, although the expert witness did not interview the witness, he possessed the statements that the witnesses had previously made.

attempting to offer such opinions [that the furnace work was reasonable and appropriate] to the jury." (Doc. 19, Pl.'s Br. at 6). Defendant objects to this request to the extent that it seeks to preclude the testimony of Michael Guagliardo, the furnace repairman who conducted the repairs at issue. As Guargliardo worked on the furnace for the defendant, we will not restrict his testimony based on the motion in limine. Guargliardo's testimony is likely important to the defense and plaintiff did not name him specifically or provide a valid reason to preclude his testimony in its motion. This portion of the plaintiff's motion will thus be denied.

**Conclusion**

Based upon the above analysis, the plaintiff's motions in limine will be granted in part and denied in part. The motion to preclude evidence of, and related to, depreciation and actual cash value will be granted as unopposed. Further, the motion to preclude defendant's expert Daniel E. Vieau from testifying about operation of the furnace and repairs to the furnace will be granted as unopposed. The motions will be denied in all other respects. An appropriate order follows.

**Date: May 10, 2017**           **s/ James M. Munley**

                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Court**